IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD ALEX CARO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-03-CV-2800-D |
| | § | |
| NFN SPENCER, Police Officer, | § | |
| Addison Police Department | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Paul Spencer has filed a motion for summary judgment in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion should be granted.

I.

On January 3, 2002, Plaintiff Todd Alex Caro went to the office of his former girlfriend, Misty Acevedo, to confront her about an alleged affair she was having with another man. (Def. MSJ App. at 111). According to a co-worker, Carol Neimi, plaintiff pulled a handgun and fired multiple shots at Acevedo while chasing her down the hallway of the office suite. (*Id.* at 80). Plaintiff cornered Acevedo in a storeroom, where the two apparently struggled. (*Id.* at 111). Acevedo grabbed a knife and stabbed plaintiff before she died of multiple gunshot and stab wounds. (*Id.* at 71-72, 85; Plf. MSJ App. 189).

After hearing the gunshots, Neimi called the Addison Police Department from a nearby convenience store. (Def. MSJ App. at 85). She reported the incident and described the suspect as a "black man wearing a black coat and black pants." (*Id.* at 2, ¶ 4). Officer Paul Spencer was one

of several police officers dispatched to the scene. (*Id.* at 126). When Spencer arrived at the office complex, he interviewed witnesses, met with the other officers, and received additional information about the suspect. (*Id.* at 2, ¶ 5 & 126-27). Spencer was told that muffled sounds and other noises were heard coming from an area inside the suite near an exit and that spent shell casings were found on the floor. (*Id.* at 2, ¶ 5 & 128-29). After receiving authorization from their commander, Spencer and three other officers entered the suite with their guns drawn and began a deliberate search for the suspect. (*Id.* at 3, ¶¶ 6-7 & 130-32). As the officers approached the storeroom, they heard a tapping sound coming from inside. (*Id.* at 3, ¶ 7 & 132). Spencer described the sound as "dry cycling . . . like someone was loading a clip into a gun." (*Id.* at 3, ¶ 7). At that point, one of the officers shouted "Addison Police, come out with your hands up!" (*Id.* at 17). No one responded. (*Id.*). The officers then entered the storeroom. (*Id.* at 4, ¶ 7 & 17-18). As they opened the door, the officers observed numerous live handgun rounds and an empty cartridge box on the floor. (*Id.* at 4, ¶ 7 & 18). Spencer also observed two bodies-- a female and a black male who matched the description of the suspect-- lying face down on the floor. (*Id.* at 4, ¶ 7 & 18-19). The female was unconscious and appeared to be seriously injured or dead. The male was moaning and speaking incoherently. (*Id.*). According to Spencer, the suspect ignored repeated commands to show his hands. (*Id.* at 4, ¶ 7 & 19-20). Contrary to those instructions, the suspect lowered his hands to his waist area, made a quick movement to his left, and started to sit up while raising his right arm from under his body. (*Id.* at 4, ¶ 8). Spencer observed a chrome semi-automatic pistol in the suspect's right hand pointed in his direction. (*Id.* at 4-5, ¶ 8). Fearing for his safety and that of his fellow officers, Spencer yelled "Gun!" and fired two rounds at the suspect. One round struck the suspect in the right shoulder. (*Id.* at 5, ¶ 8). The second round struck the suspect in the back. (*Id.*). As Spencer and the other officers

pulled the suspect away from the female victim and attempted to place him under arrest, he resisted their efforts while screaming "Finish me, finish me." (*Id.* at 5, ¶ 9).

On November 18, 2003, plaintiff filed this civil rights action against Spencer and the Addison Police Department under 42 U.S.C. § 1983. After screening plaintiff's complaint, the magistrate judge recommended that the entire case be dismissed as frivolous. *See Caro v. Spencer*, No. 3-03-CV-2800-D, 2003 WL 23195569 (N.D. Tex. Dec. 19, 2003). The district judge adopted this recommendation as to the Addison Police Department, but was "unable to conclude at this preliminary stage of the case that plaintiff will be unable to prove factually an unnecessary force claim against Officer Spencer." *See* ORDER, 3/1/04 at 2.[1] Spencer now moves for summary judgment on the grounds that the use of deadly force was objectively reasonable under the circumstances and that plaintiff's claim is barred by the doctrine of qualified immunity. The issues have been fully briefed by the parties and the motion is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 131 (5th Cir.), *cert. denied*, 113 S.Ct. 136 (1992). A fact is "material" if it might

[1] The district judge agreed that plaintiff failed to show that the Addison Police Department was a jural entity subject to suit. *See* ORDER, 3/1/04 at 1, *citing Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). In response to that order, plaintiff sought leave to join the City of Addison as a defendant. Leave to amend was granted, but all claims against the City were summarily dismissed because plaintiff failed to allege any facts which suggest that a formal policy or a persistent and widespread practice was a "moving force" behind any constitutional violation. *Caro v. Spencer*, No. 3-03-CV-2800-D, 2004 WL 877620 at *2 (N.D. Tex. Apr. 22, 2004), *citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *reh'g en banc denied*, 251 F.3d 159 (5th Cir.) (Table), *cert. denied*, 122 S.Ct. 53 (2001).

reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matter of Gleasman*, 933 F.2d 1277, 1281 (5th Cir. 1991).

A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e).[2] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements, hearsay, and testimony based on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.

A.

Plaintiff's excessive force claim must be analyzed under the "reasonableness" standard of the Fourth Amendment to United States Constitution. *See Graham v. Conner*, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). In order to establish a constitutional violation, plaintiff must show that: (1) he suffered a significant injury; (2) resulting directly and only from the

---

[2] Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

FED. R. CIV. P. 56(e).

use of force that was clearly excessive to the need for force; and (3) the force used was objectively unreasonable. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). The court must view the totality of the circumstances from the standpoint of a reasonable officer on the scene, paying particular attention to "whether the suspect pose[d] an immediate threat to the safety of the officers or others." *Stroik v. Ponseti*, 35 F.3d 155 157-58 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1692 (1995).

Spencer does not dispute that plaintiff suffered a significant injury resulting directly and only from the use of force. However, the evidence shows that the use of force was not clearly excessive to the need for force or objectively unreasonable under the totality of the circumstances. The court initially observes that, other than his verified complaint and sworn interrogatory answers, none of the evidence submitted by plaintiff is competent summary judgment evidence.[3] Moreover, by his own admission, plaintiff does not recall the events surrounding the shooting. (*See* Def. MSJ App. at 111, 118). That leaves the unchallenged testimony of Spencer and other witnesses. It is clear from this testimony that Spencer fired two shots at a suspect in a murder investigation who ignored repeated instructions to show his hands, appeared to pull a handgun from his waistband, and pointed the weapon in the direction of police officers. On similar facts, the Fifth Circuit has held, as a matter of law, that the officer was justified in using deadly force to defend himself and others. *See, e.g. Stroik*, 35 F.3d at 159 (police officer justified in using deadly force when suspect pointed a gun at him); *Reese v. Anderson*, 926 F.2d 494, 500-01 (5th Cir. 1991) (officer, who reasonably believed that suspect had a gun and was about to shoot, was justified in using deadly force); *Young v. City of Killeen, Texas*, 775 F.2d 1349, 1353 (5th Cir. 1985) (same); *Weir v. Tramel*, No. 99-10788, 2000

[3] Although plaintiff has submitted an affidavit and numerous documents in an appendix to his summary judgment response, the affidavit is not made under penalty of perjury and the documents are not properly authenticated.

WL 178157 at *1 (5th Cir. Jan. 25, 2000) (same); *see also Reynolds v. County of San Diego*, 858 F.Supp. 1064, 1072 (S.D. Cal. 1994), *aff'd in relevant part*, 84 F.3d 1162 (9th Cir. 1996) (noting that case law, including Fifth Circuit decisions, demonstrates general principle that an officer may reasonably use deadly force when he or she confronts an armed suspect whose actions indicate an intent to attack).

In an attempt to create a fact issue, plaintiff disputes that he had a gun and argues that his hospital records show he was unable to follow verbal commands. (*See* Plf. MSJ Resp. at 8, ¶ 5 & 22, ¶ 79). Neither claim is supported by the record. At least two witness either heard gunshots or saw plaintiff chase his girlfriend down the hallway while firing shots at her. (*See* Def. MSJ App. at 72, 80). In addition, multiple rounds of spent shell casings, live handgun rounds, an empty cartridge box, and a .32 caliber semi-automatic pistol were recovered from the crime scene. (*Id.* at 18, 101, 106). Plaintiff's self-serving and unverified denial that he had a handgun cannot overcome this evidence. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000), *quoting Liberty Lobby*, 106 S.Ct. at 2513 (court should give credence to "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses"). Nor has plaintiff shown that he was unable to follow instructions given by the police. To the contrary, his hospital records show that plaintiff was conscious upon his arrival at the emergency room, "but would no [sic] follow any commands." (Plf. MSJ App. at 284). This same record indicates that plaintiff could move all four extremities, which suggests that he was physically able to pull a gun on the police officers. (*Id.*).

Even when viewed in the light most favorable to plaintiff, the summary judgment evidence fails to establish a genuine issue of material fact for trial. The court determines that Spencer was justified in using deadly force to defend himself and his fellow officers. Such force was not clearly

excessive to the need for force or objectively unreasonable under the circumstances. Therefore, Spencer is entitled to judgment as a matter of law.

B.

Alternatively, Spencer seeks summary judgment on the grounds of qualified immunity. Police officers are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority unless their conduct violates a "clearly established . . . constitutional right [ ] of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Because plaintiff has not proved an underlying constitutional violation, this terminates the qualified immunity analysis. *See Stuart v. Villarreal*, No. 3-01-CV-1844-D, 2003 WL 22329019 at *4 (N.D. Tex. Oct. 7, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 22658203 (N.D. Tex. Nov. 7, 2003) (Fitzwater, J.) (declining to address issue of qualified immunity where plaintiff failed to allege underlying constitutional violation).

**RECOMMENDATION**

Defendant's motion for summary judgment should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE